WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rakesh Patel, M.D., and Shital Patel,<br><br>Plaintiffs,<br><br>v.<br><br>Medical Diagnostic Imaging Group Limited, et al.,<br><br>Defendants. | No. CV-19-04983-PHX-GMS<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion for Voluntary Dismissal (Doc. 88). For the following reasons, Plaintiffs' motion is granted.

## BACKGROUND

This action, arising out of Plaintiff Rakesh Patel's employment relationship with Defendant Medical Diagnostic Imaging Group Limited ("MDIG"), has been stayed since January 2020 due to MDIG's Chapter 11 bankruptcy proceeding. (Docs. 50, 70.) Plaintiffs have filed a proof of claim with the bankruptcy estate to resolve their claims, and now requests dismissal of the action without prejudice. (Doc. 88 at 1–2.) Defendants Barry and Kimberly Sadegi, Aaron and Stacie Wittenberg, Peter and Deborah Steinberg, and Abhijit and Neepa Shah ("Defendants") do not object to dismissal, but request that the Court dismiss Plaintiffs' claims with prejudice. (Doc. 90 at 1.)

## DISCUSSION

Federal Rule of Civil Procedure 41(a)(2) "vests the district court with discretion to

dismiss an action at the plaintiff's instance," *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir. 2002), "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see also Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996); *Zanowick v. Baxter Healthcare Corp.*, 850 F.3d 1090, 1093 (9th Cir. 2017). As part of the Court's power to set the terms of dismissal, the Court retains the discretion to convert a plaintiff's request for dismissal without prejudice into a dismissal with prejudice. *Hargis*, 312 F.3d at 412; *see also* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (4th ed. 2022) ("If the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to the court's discretion."). The Court "may order the dismissal to be with prejudice where it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993)

Defendants do not object to dismissal of the action. Therefore, the only question is whether dismissal should be with or without prejudice. "Courts consider the following factors in determining whether to dismiss with or without prejudice: (1) 'the defendant's effort and expense involved in preparing for trial'; (2) 'excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action'; and (3) 'insufficient explanation of the need to take a dismissal.'" *ThermoLife Int'l LLC v. Neogenis Labs Inc.*, No. CV-18-2980-PHX-DWL, 2021 WL 5084280, at *4 (D. Ariz. Nov. 1, 2021) (quoting *Burnette* 828 F. Supp. at 1443–44). Plaintiffs request dismissal without prejudice because the bankruptcy proceeding remains ongoing, and they are uncertain that they will be made whole by that process. (Doc. 88 at 2.) Defendants, by contrast, argue that the fact that the bankruptcy court has determined that Plaintiffs will receive funds as part of the reorganization plan warrants a dismissal with prejudice. (Doc. 90 at 2.)

The first two factors weigh in favor of dismissal without prejudice. This action has been stayed for two years due to the parallel bankruptcy proceedings. (Doc. 70 at 1.) Since January 10, 2020, Defendants have only been required to periodically file joint status reports with the Court. Consequently, the effort and expense incurred by Defendants is

minimal. Likewise, while the bankruptcy stay has caused delay in this action, the delay is not attributable to Plaintiffs' lack of diligence.

The third factor is a closer call but also weighs in favor of dismissal without prejudice. Plaintiffs' concern about the uncertainty of the bankruptcy process is not without merit. The claims allowance process remains ongoing in the bankruptcy court, and the creditor trust has recently moved to extend the claim objection deadline through at least September 7, 2022. *See* Sixth Motion to Extend Time to Object to Claims, *In re Med. Diagnostic Imaging Grp., Ltd.*, No. 19-bk-15722-DPC (Bankr. D. Ariz. Jun. 2, 2022), ECF No. 737. Moreover, while Plaintiffs' claim in the bankruptcy court is premised on several grounds, including for back wages and benefits in a now-terminated pension plan, *see* Proof of Claim, *In re Med. Diagnostic Imaging Grp., Ltd.*, No. 19-bk-15722-DPC (Bankr. D. Ariz. Jan. 13, 2020), Claim 4-1, the creditor trust has only objected to the portion of Plaintiffs' claim pertaining to the benefit plan. *See* Order Granting Omnibus Objection to Claims Filed by Employees Relating to Benefit Plans, *In re Med. Diagnostic Imaging Grp., Ltd.*, No. 19-bk-15722-DPC (Bankr. D. Ariz. Nov. 19, 2021), ECF No. 695. As the creditor trust has expressly reserved its rights to raise additional objections against Plaintiffs' claim, the Court agrees that ongoing bankruptcy proceeding makes dismissal with prejudice inappropriate. *See* Omnibus Objection to Claims Filed by Employees Relating to Benefit Plans ¶ 14, *In re Med. Diagnostic Imaging Grp., Ltd.*, No. 19-bk-15722-DPC (Bankr. D. Ariz. Oct. 7, 2021), ECF No. 662 ("[T]he Creditor Trust reserves the right to amend, modify, or supplement this objection or file a new objection asserting additional objections to any claim asserted by a claimant (including claimants who are subject to this motion).").

## CONCLUSION

As all three factors weigh in favor of dismissal without prejudice, the Court will permit Plaintiffs to dismiss this action without prejudice.

**IT IS ORDERED** that Plaintiffs' Motion for Voluntary Dismissal (Doc. 88) is **GRANTED.**

**IT IS FURTHER ORDERED** dismissing this action without prejudice. The Clerk

of Court is directed to terminate this action.

**IT IS FURTHER ORDERED** that all parties are to bear their own costs and attorneys' fees.

Dated this 3rd day of June, 2022.

_____
G. Murray Snow
Chief United States District Judge